Filed 1/24/2017

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DOUGLAS GILLIES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B272427<br>(Super. Ct. No. 15CV04560)<br>(Santa Barbara County) |

"The purpose of the law of contracts is to protect the reasonable expectations of the parties." (*Ben-Zvi v. Edmar Co.* (1995) 40 Cal.App.4th 468, 475.)  This principle applies to the law of "mortgages."  A person who borrows money from a bank to purchase or refinance a home has a reasonable expectation that the bank will fund the loan.  The bank has a reasonable expectation that monthly mortgage payments will be made.  Here, appellant's reasonable expectations were met.  The bank's were not.  Nonpayment of the mortgage for approximately eight years while the borrower remains in possession is an egregious abuse.  Respondent argued, and the trial court agreed, that appellant is "gaming the system."  The game is over.

Douglas Gillies, an attorney, appeals a judgment of dismissal entered after the trial court sustained the demurrer of JPMorgan Chase Bank N.A. (Chase) without leave to amend. We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

This lawsuit is the fourth in a series brought by Gillies since 2009 challenging Chase's efforts to foreclose upon his real property. The four lawsuits concern similar allegations of claimed wrongful foreclosure procedures and Chase's standing to foreclose. They each sought to vindicate the same primary right. (*Infra,* p. 9 et seq.)

In 1992, Gillies acquired residential property at 3756 Torino Drive in Santa Barbara. On August 12, 2003, he obtained a $500,000 loan from Washington Mutual Bank FA (WaMu), and executed an adjustable interest rate promissory note in favor of WaMu. A deed of trust was recorded to secure the loan.

On September 25, 2008, the Federal Deposit Insurance Corporation, as receiver for WaMu, and Chase entered into a Purchase and Assumption Agreement (Agreement). Paragraph 3.1 of the Agreement provides that Chase purchased "all right, title, and interest of the Receiver in and to all of the assets" of WaMu. The Agreement also states that Chase "specifically purchases all mortgage servicing rights and obligations of [WaMu]."

In May 2009, Gillies defaulted on the loan. California Reconveyance Company (CRC), as trustee, recorded a notice of default on August 13, 2009, and a notice of trustee's sale on November 18, 2009. Prior to the scheduled foreclosure sale, Gillies filed a complaint in the trial court against CRC and Chase, alleging that the notice of default was not recorded, that it

2

was not filed in compliance with Civil Code section 2923.5, and that CRC and Chase did not properly record the notice of sale.[1] CRC and Chase demurred to the complaint and the trial court sustained the demurrer without leave to amend. Gillies appealed. We affirmed the court's judgment of dismissal in *Gillies v. California Reconveyance Co.* (*Gillies I*) (April 11, 2011, B224995 [nonpub. opn.]).

On June 30, 2011, CRC recorded a second notice of trustee's sale, noticing a July 25, 2011 foreclosure sale. Gillies filed a second action against CRC. He alleged that the notice of default was defective and that Chase violated section 2923.52 by giving premature notice of sale. CRC filed a motion to strike and the trial court granted the motion. Gillies appealed. We affirmed the judgment of dismissal in *Gillies v. California Reconveyance Co.* (*Gillies II*) (September 6, 2012, B237562 [nonpub. opn.]).

On November 8, 2012, CRC recorded another notice of trustee's sale, setting a foreclosure sale for December 12, 2012. In response, Gillies filed a third lawsuit against Chase, this time in federal court. In part, he repeated allegations made in *Gillies I* and *Gillies II* regarding the misspelling of his first name as "Dougles" rather than "Douglas." Gillies also challenged Chase's right to nonjudical foreclosure. Chase filed a motion to dismiss the action. The trial court granted the motion without leave to amend. Gillies appealed and the Ninth Circuit Court of Appeals affirmed the dismissal without leave to amend. (*Gillies v. JPMorgan Chase Bank N.A.* (*Gillies III*) (9th Cir. 2016) 644 Fed.Appx. 716.)

---

[1] All statutory references are to the Civil Code unless stated otherwise.

3

On November 16, 2015, MTC Financial, Inc., as trustee, recorded a notice of trustee's sale setting a foreclosure sale of the property for December 30, 2015. Gillies responded by filing the present complaint alleging violations of the Homeowners Bill of Rights (HBOR), lack of standing to foreclose, unlawful substitution of trustee, fraud, injunctive relief, and damages. He also obtained a temporary restraining order and filed an application for a preliminary injunction.

Once again, Chase demurred and asserted that Gillies's allegations did not state facts sufficient to constitute a cause of action. Following written and oral argument, the trial court sustained the demurrer without leave to amend, vacated the temporary restraining order, and denied Gillies's request for a preliminary injunction. It entered a judgment dismissing Gillies's action. Gillies appeals again.[2]

---

[2] During the pendency of this appeal, Gillies filed a complaint in the United States Bankruptcy Court. The complaint alleged that Chase lacks standing to foreclose because it did not acquire Gillies's loan from WaMu and it does not own his promissory note. In September 2016, the court granted Chase's motion to dismiss the complaint without leave to amend. (*Gillies v. JPMorgan Chase Bank N.A.* (*In re Gillies*) (Bankr. C.D.Cal. 2016) __ B.R. __ [2016 Bankr. LEXIS 3749].)

*DISCUSSION*[3]

*Standard of Review*

In reviewing the dismissal of a complaint following an order sustaining a demurrer without leave to amend, we review the complaint to determine whether, as a matter of law, the complaint alleges a valid cause of action. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) We assume the truth of all properly pleaded and judicially noticed material facts within the complaint, but not contentions, deductions, or conclusions of fact or law. (*Ibid.*) The plaintiff bears the burden of establishing that the facts pleaded establish every element of the cause of action. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1490.) Plaintiff must overcome each legal ground upon which the trial court sustained the demurrer. (*Ibid.*) Finally, plaintiff must prove there is a reasonable possibility that he can amend his pleading to overcome any legal defects. (*Id.* at p. 1491 ["'The assertion of an abstract right does not satisfy this burden'"].)

*First Cause of Action*

*Violation of HBOR – Sections 2923.6, 2923.7*

Gillies alleges that Chase violated the "dual-tracking" prohibition of HBOR, specifically section 2923.6, subdivision (c), by proceeding with the foreclosure while his loan modification application was pending. He alleges that Chase did not assign "a

---

[3] We answer appellant's claims on the merits but we need not do so. (See *infra*, pp. 8-10; res judicata.) This conclusion also precludes HBOR claims. There were at least two final judgments allowing the foreclosure to go forward before HBOR was enacted by the Legislature and became operative in 2013.

5

single point of contact," as required by section 2923.7, subdivision (a).

The allegations of Gillies's complaint belie his contention that Chase violated sections 2923.6 and 2923.7. Gillies alleges that he applied for a loan modification and supplied additional documents that Chase requested. He mailed the completed application to the post office box as instructed by Chase. Although Chase's attorney requested that all documents be provided to him, Gillies disregarded that instruction. Gillies alleges that on July 16, 2015, he received a 14-page loan modification from Chase, conditioned on his acceptance by July 17, 2015. Although he wrote Chase and requested additional time to review the loan modification, he did not receive a response. Approximately four months later, MTC recorded a notice of trustee's sale.

The trial court properly concluded that Gillies did not state a cause of action for violation of sections 2923.6 and 2923.7. Section 2923.6, subdivision (c)(2) permits a beneficiary or trustee to resume the foreclosure process if a borrower does not accept a loan modification within 14 days of the offer. Gillies does not allege that he accepted the loan modification during the four month period after he received the modification agreement and before MTC recorded the notice of sale.

Gillies's allegations also demonstrate that Chase provided a single point of contact by assigning a customer service representative to process his loan modification application. Gillies admits that he submitted his loan modification application to this representative at the designated address and ignored the instruction to communicate with Chase's attorney. He also

6

admits that he received a 14-page loan modification in response to his application.

*Second Cause of Action*

*Lack of Standing to Foreclose*

Gillies alleges that Chase lacks standing to foreclose because the "Note and Deed of Trust were almost certainly sold to a third party" before Chase assumed certain assets of WaMu in September 2008. He alleges that the "third party" was a "mortgage-backed securities trust."

These allegations do not state a cause of action. Gillies speculates that WaMu transferred his mortgage to a securitized trust prior to Chase's agreement to purchase WaMu's assets. There is no reasonable basis to dispute that Chase succeeded to WaMu's interest as beneficiary of the trust deed securing Gillies's property.[4]

*Third Cause of Action*

*Illegal Substitution of Trustee*

Gillies alleges that Chase is not the beneficiary of his trust deed and thus cannot substitute MTC as trustee to foreclose his property. As discussed, it is beyond dispute that Chase succeeded to WaMu's interest as beneficiary. The trial court properly decided that Gillies did not state a cause of action regarding substitution of trustee.

---

[4] We take judicial notice of the Purchase and Assumption Agreement entered into by Chase and the Federal Deposit Insurance Corporation, as receiver for WaMu. (Evid. Code, §§ 452, 459; *Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D.Cal. 2010) 732 F.Supp.2d 952, 959.)

7

*Fourth Cause of Action*
*Fraud*

Gillies alleges that Chase commits fraud on each occasion it notices a trustee's sale by stating his name as "Dougles Gillies" rather than "Douglas Gillies." Gillies admits that the misspelling is "a clerical error."

This general allegation of fraud does not state a cause of action. Moreover, the notices contain the street address of the property and correctly spell Gillies's surname. No reasonable person would be confused by this minor typographical error.

*Injunctive Relief and Damages*

The trial court properly considered the declaration of Chase's counsel, among other things, before denying Gillies's motion for a preliminary injunction. (*Jessen v. Keystone Savings & Loan Assn.* (1983) 142 Cal.App.3d 454, 460 [trial court may consider verified complaint and answer as well as declarations, affidavits, and oral testimony before deciding preliminary injunction motion].) There was no error in denying the injunction.

*The Sanctity and Integrity of Final Judgment*

"Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.) Gillies has lost three superior court cases which allowed the foreclosure proceedings to go forward. He lost the first two appeals to this court and now loses this third appeal. He lost a federal case in the United States District Court. He lost the appeal from this judgment in the Ninth Circuit Court of Appeals. He lost an "emergency" petition for relief in the Ninth Circuit.

He filed for protection in the United States Bankruptcy Court. He lost there.

Principles of res judicata are fatal to the present lawsuit and theoretical future lawsuits seeking to vindicate the same primary right. "A clear and predictable res judicata doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. 'Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.'" (*Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245 [65 Cal. Rptr. 2d 25].) A predictable doctrine of res judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration*.' ( 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820.)" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897; see also *Mark v. Spencer* (2008) 166 Cal.App.4th 219, 229.)

Where the doctrine applies, it precludes piecemeal litigation by splitting a single cause of action or relitigating the same primary right. (*Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 897.) "Under the doctrine of res judicata [claim preclusion], 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.' [Citation.] [¶] A claim raised in a second suit is 'based on the same cause of action' as one asserted in a prior action if they are both premised on the same 'primary right.' [Citation.] 'The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which

9

liability for the injury is based. [Citation.]'" (*Estate of Dito* (2011) 198 Cal.App.4th 791, 801; see also *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797-798; *Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639, 648 [Pomeroy primary right theory].) It matters not that appellant has a new theory of wrongful foreclosure. It is the same primary right which appellant has always claimed.

As an attorney, Gillies should have some appreciation for the rule of law and his obligation to comply with lawful court orders. He, however, views these adverse final judgments as mere suggestions which allow him to perpetually file new lawsuits on new theories. He is wrong. A final judgment is "[o]ne which leaves nothing open to further dispute and which sets at rest cause of action between parties." (See Black's Law Dict. (6th ed. 1990) p. 629, col. 2.) Appellant's litigation posture is, of course, at variance with this definition. Gillies has had several opportunities to advance his claims and he continues to tax the legal system in an attempt to retain possession of his house.

No litigant has an entitlement to file a lawsuit seeking relief from an alleged wrong and then not follow the court's ruling denying relief. By submitting to the court to resolve a dispute, a litigant who is willing to abide by an order granting relief must be willing to abide by an order denying relief. This is lost upon Gillies. The sanctity and integrity of a final judgment must be honored or there is no such thing as a final judgment. (See *People v. Barragan* (2004) 32 Cal.4th 236, 255.)

The judgment is affirmed.  Respondents shall recover costs.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

11

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Douglas Gillies, in pro per, for Plaintiff and Appellant.

Bryan Cave LLP, Richard C. Ochoa and Alfred Shaumyan, for Defendant and Respondent, JPMorgan Chase Bank, N.A.

Burke, Williams & Sorensen, Richard J. Reynolds and Joseph P. Buchman, for Defendant and Respondent, MTC Financial Inc., dba Trustee Corps.