**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THEODOOR W. JANSON,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-11AR; et al.,<br><br>　　　　　Defendants-Appellees. | No.　15-15632<br><br>D.C. No. 3:14-cv-05639-JSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted March 14, 2017[**]
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

**1.** We affirm the district court's order dismissing this action on the basis of

claim preclusion. Theodoor Janson seeks to vindicate the same primary right in

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

this action as in his prior state court action: the right to be free from a wrongful foreclosure. *See Gillies v. JPMorgan Chase Bank, N.A.*, 213 Cal. Rptr. 3d 210, 216 (Cal. Ct. App. 2017). Because the prior action resulted in a final judgment on the merits between Janson and the same defendants or their privies, that judgment bars this action. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). That Janson challenges the foreclosure of his property on new legal grounds is irrelevant to the claim preclusion analysis. The prior action precludes all future claims with respect to the alleged violation of the same primary right that could have been raised in the original action. *See Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1392 (Cal. 1972). Janson has failed to identify any legitimate reason why he could not have raised this action's claims in his prior action.

**2.** It was within the district court's discretion to deny Janson leave to amend his complaint. Amendment would be futile here because Janson has not identified any new facts that he could allege that would save this action from his prior action's preclusive effect.

The defendants' motion for judicial notice, filed December 9, 2015, is GRANTED.

**AFFIRMED.**