Filed 7/14/21  Brookshire v. Albers Yze CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CL BROOKSHIRE, | B306001 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC699276) |
| v. | |
| ALBERS YZE LLC et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Dismissed.

Natalie Panossian-Bassler for Plaintiff and Appellant.

Maral I. Gasparian for Defendants and Respondents.

————————————————

## *INTRODUCTION*

Plaintiff CL Brookshire appeals from his third motion to vacate a judgment, brought a year and a half after entry of that judgment. We dismiss the appeal as untimely pursuant to California Rules of Court rules 8.104 and 8.108.[1]

## *FACTS AND PROCEDURAL BACKGROUND*

Plaintiff has rented an apartment from defendant Albers YZE LLC since December 2013. On March 29, 2018, plaintiff, representing himself, filed a complaint against defendant, alleging claims for breach of contract, breach of warranty of habitability, violation of rent stabilization ordinances, and other causes of action related to his tenancy. On May 23, 2018, defendant demurred to two of the eight causes of action and moved to strike portions of the complaint.

On June 18, 2018, plaintiff filed a peremptory challenge to the assigned judge. (Code. Civ. Proc., § 170.6.)[2] Two days later the court struck the peremptory challenge as untimely. Plaintiff did not seek writ review under section 170.3, subdivision (d)).

On June 22, 2018, defendant filed two notices of plaintiff's non-opposition, attesting to plaintiff's failure to respond to defendant's demurrer and motion to strike.[3] On June 27, 2018,

---

[1]     All further undesignated rule references are to the California Rules of Court.

[2]     All further undesignated statutory references are to the Code of Civil Procedure.

[3]     The parties dispute whether plaintiff actually did file an opposition to the demurrer and motion to strike. A document entitled "Opposition to Defendant's Demurrer and Motion to Strike Parts of the Complaint" is in the record with a file stamp of June 11, 2018. Yet in an email from plaintiff to defendant's

2

the trial court sustained the demurrer without leave to amend. Even though the demurrer had been directed to only two of the eight causes of action, the trial court dismissed the entire case with prejudice. On June 29, 2018, the clerk served the parties with a copy of the court's minute order.[4]

The same day, plaintiff filed a "Challenge for Cause According to § 170.1(a)(6)(A)(iii)." Later that day, the court struck the section 170.1 challenge because plaintiff had failed to file a proper declaration or verification, nor had he alleged valid grounds for disqualification. Plaintiff did not seek writ review.

On July 11, 2018, defendant filed and served notice of entry of judgment.

### 1. *Motion for Reconsideration*

On July 12, 2018, the day after notice of entry of judgment was field and served, plaintiff filed a "Motion for Reconsideration on Judgment on Demurrer and Strike June 27, 2018." He argued there was a clerical error and that he had in fact filed an opposition to the demurrer and motion to strike on June 11, 2018. Defendant also argued he filed a timely peremptory challenge on April 20, 2018, but it did not appear "in the system."[5]

On August 29, 2018, the court struck plaintiff's motion for reconsideration pursuant to sections 128.7, subdivision (a), and

---

counsel dated 10 days later (June 21, 2018), plaintiff wrote, "My reasons for not responding to your moving papers is due to the filed 170.6 in [*sic*] which will change the court date and allow me to respond . . . ." For reasons that will be apparent, we find it unnecessary to address the issue.

[4] The minute order states in part, "Defendant's demurrer is well-taken and Plaintiff has failed to file an opposition."

[5] As we have observed, plaintiff also filed a peremptory challenge on June 18, 2018.

2015.5, because plaintiff had failed to sign the motion and declaration after having been advised of the defects. On September 6, 2018, defendant served a notice of ruling striking plaintiff's motion for reconsideration. A copy of the court's minute order was attached.

## 2. *First Motion to Vacate*

Four months later, plaintiff filed a "Motion to Void and Vacate any and All Order[s] or Judgments to Dismiss Made According to CCP 473(d) and CCP 170.6 Filed on April 20, 2018," again arguing clerical errors with his filings and that his preemptory challenge should have been granted. On March 5, 2019 the court denied plaintiff's motion. The court stated: "plaintiff's remedy is not to make another motion for reconsideration. Instead, he should have timely sought writ review in the Court of Appeal." On March 14, 2019, plaintiff filed a Notice of Appeal, checking two boxes: "Judgment of dismissal after an order sustaining demurrer" and "Other . . . CCP 473(d)." The case was assigned Court of Appeal case No. B296420. On December 16, 2019, defendant filed in this court a "Request for Dismissal of Appeal (Civil Case)." On December 27, 2019, we dismissed the appeal and issued the remittitur.

## 3. *Plaintiff Declared a Vexatious Litigant*

Ignoring our chronological order of events, we observe that, on April 15, 2019, after the Notice of Appeal had been filed but before it had been dismissed, the trial court granted defendant's motion to declare plaintiff a vexatious litigant. The trial court found: "Plaintiff has had more than five state and federal cases adversely determined against him in the last seven years and has an extensive pattern of litigation including motions for reconsideration, motions to vacate the judgment, writs, and appeals. The Court thus finds Plaintiff CL Brookshire is a

4

vexatious litigant within the meaning of Code of Civil Procedure section 391 [subdivision] (b)(1)."[6]

### 4.      *Second Motion to Vacate*

Six months later, on October 15, 2019, plaintiff filed a second "Motion to Void and Vacate any and All Orders or Judgments to Dismiss Made According to CCP 473(d)," repeating arguments previously made.  On October 30, 2019, defendant filed its opposition.  On November 5, 2019, plaintiff filed a reply. The record does not contain a ruling on this second motion.

### 5.      *Third Motion to Vacate*

On December 12, 2019, plaintiff filed still a third "Motion to Vacate the June 29, 2018 Ruling And Order To Dismiss With Prejudice Per CCP 473(d)."  Defendant filed its opposition.  The court heard the motion on January 14, 2020, and denied it.  On March 16, 2020, the court issued its "Statement of Decision," which stated in part that plaintiff's motion "repeats his earlier rejected motions to set aside and/or vacate the Court's June 29, 2018 ruling."  On March 24, 2020, defendant served plaintiff with the order and statement of decision.

On May 4, 2020, plaintiff filed a notice of appeal, seeking to appeal from the "Judgment of dismissal after an order sustaining demurrer," and "Other, CCP 473(d)."[7]

---

[6]      Several months after the trial court declared plaintiff a vexatious litigant, he retained counsel to pursue posttrial proceedings.  Plaintiff is represented by counsel in this appeal.

[7]       Plaintiff checked the same boxes on the May 4, 2020, notice of appeal that he had ticked on his March 14, 2019 notice of appeal in case No. B296420.

# *DISCUSSION*

Plaintiff makes several, often overlapping arguments on appeal: (1) he has standing; (2) a statement of decision is legally and factually deficient; (3) the courtroom clerk failed to discharge its duties; (4) the court did not provide a reporter and failed to hold a hearing on the demurrer; (5) plaintiff should have been allowed leave to amend following the order sustaining the demurrer; and (6) the court abused its discretion by not vacating the judgment.

But it is an argument offered by defendant that is dispositive of this appeal: the appeal is "untimely and improper."

Plaintiff responds that his notice of appeal was filed within 60 days of the proof of service of the court's signed statement of decision following his third motion to vacate and, thus, was timely under California Rules of Court, rule 8.104 and 8.108.

## 1. *The Governing California Rules of Courts*

The rules governing the timeliness of an appeal are complex. The consequences for the untimely filing of a notice of appeal are severe and unbending: the appellate court has no jurisdiction to excuse an untimely appeal. " 'The requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal, even to relieve against mistake, inadvertence, accident, or misfortune.' " (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 372–373.)

### a. *Rule 8.104*

Two court rules inform our analysis of whether plaintiff's appeal is timely. The first, rule 8.104, subdivision (a)(1), provides that "a notice of appeal must be filed on or before *the earliest of*:

[¶ ] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Italics added.) Here, defendant served the "Notice of Entry of Judgment" on July 11, 2018. Service by a party triggers the 60-day appeal period under rule 8.104, subdivision (a)(1)(B). The notice of appeal in the present appeal was filed on May 4, 2020, nearly two years after service of the notice of entry of judgment and, obviously, well beyond the 60-day limit under rule 8.104, subdivision (a)(1)(B). The appeal is untimely if we use that yardstick. Plaintiff does not contend otherwise.

### b. *Rule 8.108*

Instead, plaintiff argues that we should measure the timeliness of the appeal by the extended time periods set out in rule 8.108. That rule extends the prescribed period for filing a notice of appeal when a party has filed certain post judgment motions. Two of those motions are implicated here—a motion for reconsideration and a motion to vacate the judgment. Because plaintiff filed both a motion for reconsideration and three motions to vacate, we briefly describe the rule for each.

Where there is a "valid motion to reconsider," "the time to appeal from that *order* is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Rule 8.108(e); italics added.)

7

When a party serves a "valid" motion to vacate, "the time to appeal from the *judgment* is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move--or motion--is filed; or [¶] (3) 180 days after entry of judgment." (Rule 8.108(c); italics added.)

## 2.     *Plaintiff Failed to Timely Appeal*

On July 12, 2018, plaintiff brought a motion for reconsideration pursuant to section 1008, subdivision (a). On August 29, 2018, the court struck plaintiff's motion because it was unsigned. The court's decision to strike the motion for reconsideration was a ruling that the motion was not valid under section 8.108, subdivision (e). The motion did not extend the time to file a notice of appeal.

The next postjudgment event occurred on January 18, 2019: plaintiff filed his first motion to vacate pursuant to section 473, subdivision (d). On March 5, 2019 the trial court denied plaintiff's motion. The clerk served the court's order on plaintiff the same day. Under rule 8.108, subdivision (c)(1), plaintiff had 30 days to file his notice of appeal. Plaintiff did file a timely notice of appeal on March 14, 2019. But, he dismissed that appeal on December 16, 2019.

Plaintiff then filed two more motions to vacate, one on October 15, 2019, and another on December 12, 2019.[8] The third motion was heard on January 14, 2020. The court issued its statement of decision in March 16, 2020, and the clerk served it on plaintiff that same day. On May 4, 2020, plaintiff filed his notice of appeal from both the original "judgment of dismissal"

---

[8]     As we have observed, the record does not include a ruling on the second motion to vacate.

8

and from the "CCP 473(d)" order, denying his third motion to vacate.

The May 4, 2020 notice of appeal did not provide this court with jurisdiction to review any of the rulings the trial court made in this case. As to the underlying judgment, the initial 60 days expired on September 10, 2018. Even if the first motion to vacate extended the time to file the appeal, plaintiff dismissed the ensuing appeal. At the time of the dismissal, the appeal period had long expired. Plaintiff's suggestion that his subsequent, repetitive filings of motions to vacate based on the same grounds somehow revived his expired time for appeal does not come with legal support. And for good reason – if a new appeal period were to commence after the denial of each successive motion to vacate no appeal would be untimely. "The rule allowing an aggrieved party to challenge an order void on its face at any time does not mean a party may perpetually move to vacate the order until he or she receives a favorable ruling." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021, fn. 13.) " 'Somewhere along the line, litigation must cease.' " (*Gillies v. JPMorgan Chase Bank, N.A.* (2017) 7 Cal.App.5th 907, 914.) The first motion to vacate (filed in January 2019) was the only motion that extended plaintiff's time to file a notice of appeal and the timeliness of his appeal evaporated with plaintiff's dismissal of that appeal.

Even if we were to measure the time to appeal from the denial of the third motion to vacate, plaintiff fares no better. As relevant here, rule 8.108, subdivision (c)(1) provides that an appeal following the denial of a motion to vacate must be filed: "(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order." The clerk served plaintiff with the order denying plaintiff's third motion on March 16, 2020. Plaintiff filed the notice of appeal on

9

May 4, 2020 – 49 days after notice of entry of judgment. It was too late.

## *DISPOSITION*

The appeal is dismissed.  Defendant Albers YZE LLC is awarded costs on appeal.

RUBIN, P.J.

WE CONCUR:

MOOR, J.

KIM, J.

10