Filed 11/5/21  Vivian v. California Condominium Assn. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ARDINE VIVIAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA CONDOMINIUM ASSOCIATION, INC.,<br><br>    Defendant and Respondent. | B301696<br><br>(Los Angeles County<br>Super. Ct. No. BC663072) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert S. Draper, Judge.  Affirmed in part, reversed in part and remanded.

The Community Law Group and Mark S. Smith for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Ernest Slome and Natasha Covarrubias for Defendant and Respondent.

_____

This is the fourth lawsuit Ardine Vivian has filed against the California Condominium Association, Inc. (the Association) involving the foreclosure of her condo based on a lien for delinquent association fees. The first three cases attempted to prevent foreclosure. She lost each of them, and her condo has since been sold via foreclosure sale. In the current case, Vivian seeks damages for wrongful foreclosure and fraud. The trial court sustained a demurrer based on the claim preclusion aspect of res judicata.

On appeal, Vivian argues the trial court should have overruled the demurrer to her second amended complaint (SAC) because the court had already overruled a demurrer to the first amended complaint (FAC) on claim preclusion grounds and the SAC made only "typographical changes" to the FAC. She also argues the SAC was based on "new events" not involved in the prior cases.

We affirm in part and reverse in part. We reject Vivian's argument the trial court should not have considered the demurrer to the SAC. We conclude claim preclusion bars Vivian from asserting any claims based on the validity of the underlying lien, which was finally decided against her in 2008. However, claim preclusion does not bar her claims based on the most recent allegedly faulty notice of the foreclosure sale. For other reasons, her fraud claim fails. Because the Association did not brief the merits of Vivian's wrongful foreclosure claim based on faulty notice, we leave it to the parties and trial court on remand.

## BACKGROUND

We take the facts from the operative SAC, which we assume are true. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468 (*Cansino*).) The trial court granted

judicial notice of a host of complaints, rulings, and judgments in the prior cases, as well as recorded documents related to the property. We may consider those documents in evaluating the demurrer based on claim preclusion. (*Boyd v. Freeman* (2017) 18 Cal.App.5th 847, 855, fn. 3 (*Boyd*); Evid. Code, § 459, subd. (a).) We must accept the facts set forth in the judicially noticed material if they contradict allegations in the body of the complaint. (*Cansino,* at p. 1468.)

### 1. Allegations in the SAC

Since 2007, Vivian owned a unit in a condominium complex in Long Beach. In late July or early August 2016, she had appraisers and potential buyers knocking at her door, asking to inspect the unit because it was in foreclosure. Vivian hired counsel to investigate.

She discovered a notice of default had been recorded against her condo for delinquent condominium association dues, even though she was current on her dues and the condo was paid for. The notice of default was in the name of the prior owner, Robert Wilday, and Vivian had not been mailed a copy. A notice of trustee's sale had also been recorded under Wilday's name.

Despite appealing to the Association to stop foreclosure activities, a foreclosure sale took place on August 5, 2016. Vivian found out about the sale from a letter she received on August 11, 2016, from the buyer of the property, inquiring whether she wanted to rent the home from him.

Due to the foreclosure sale, Vivian lost $131,000 in equity in her condo.[1] She asserted damages claims for wrongful

---

[1] We understand from appellate counsel for both sides at oral argument that the Association has yet to return the proceeds

foreclosure and fraud, alleging the Association did not have a valid security interest in the condo, and she was not given notice of the sale or the right to redeem, nor was she given the chance to meet and confer to mediate the dispute, in violation of various Civil Code provisions.

*Procedural History of the Current Case*

Vivian filed the original complaint in this case against the Association in May 2017, alleging claims for quiet title, wrongful foreclosure, breach of contract, fraud, and an accounting.[2] The Association demurred, arguing the claim preclusion aspect of res judicata barred her claims because Vivian had filed three prior actions to stave off foreclosure. The trial court agreed, sustaining the demurrer and granting Vivian leave to amend her wrongful foreclosure and fraud claims. Vivian withdrew the other claims.

Vivian filed the FAC, alleging claims for wrongful foreclosure, fraud, and unjust enrichment, based on the same basic set of facts set forth above. However, in the FAC, she alleged the foreclosure sale took place on August 5, *2017*, not on August 5, *2016*, and she received the letter from the new owner on August 11, *2017*. The Association again demurred, arguing the claims were barred by claim preclusion.

The trial court overruled this demurrer. In rejecting claim preclusion, it relied on the 2017 dates alleged in the FAC: "Whether Vivian was served with proper notice of her foreclosure is [a] matter that has not been adjudicated on the merits.

---

from the foreclosure sale belonging to Vivian but instead has placed the proceeds into an escrow account.

[2] Vivian also named Nationwide Reconveyance Co. as a defendant, but it is not a party to this appeal.

4

*Vivian's Complaint by its terms only references foreclosure notices and sales that were issued in 2017.* Although similar allegations were made in Vivian's complaint in her last action, her case was dismissed for failure to pay fees before any adjudication of the issue could take place." (Internal citations omitted and italics added.)

Vivian then filed an unopposed ex parte application to file the SAC to correct the 2017 foreclosure sale and discovery dates to 2016, characterizing the 2017 dates as the result of a "clerical error." The court granted the request and allowed the SAC to be filed with the 2016 dates. The SAC alleged claims for fraud and wrongful foreclosure, dropping the unjust enrichment claim. The claims rested upon the Association's alleged invalid interest in the condo and defects in the foreclosure notice.

The Association once again demurred to the SAC, arguing claim preclusion. In opposition, Vivian argued the Association was barred from raising the same argument rejected in the demurrer to the FAC. In any case, Vivian argued the SAC was based on different notices of foreclosure than the prior cases. The trial court sustained the demurrer without leave to amend, finding claim preclusion barred the SAC.[3]

### 2. Prior Lawsuits

Vivian's SAC omits her lengthy history of battling the foreclosure on her condo due to delinquent association fees. The documents judicially noticed by the trial court show the following.

---

[3] The court denied a motion to strike the SAC's request for punitive damages as moot. That ruling is not at issue on appeal.

*The 2008 Case*

Vivian filed her first lawsuit to prevent foreclosure in 2008. It alleged she purchased the condo from Robert Wilday in 2002, who already had delinquent association fees. She alleged she paid extra on her dues, so she was caught up on payments. Nonetheless, the Association refused to recognize her ownership, and a foreclosure sale was scheduled for August 27, 2008 due to a lien based on unpaid association dues.

This complaint alleged claims for (1) fraudulent billing; (2) breach of contract; (3) conspiracy to create fraudulent billing; (4) violation of former Civil Code section 1367.1; (5) civil rights violations; (6) quiet title; (7) declaratory relief; (8) injunctive relief; and (9) an accounting. Her claims rested on two theories: she did not owe the dues so the lien was invalid; and the foreclosure was wrongful because it was improperly noticed.

The trial court sustained demurrers to the first five claims with leave to amend because Vivian "failed to state sufficient facts to support these causes of action." The court sustained the demurrer to the injunctive relief claim without leave to amend. The court overruled the demurrer to the claims for quiet title, declaratory relief, and an accounting. There is no indication Vivian filed an amended complaint.

While the case was pending, Wilday transferred title to the property to Vivian in July 2009. The quiet title claim was thereafter resolved and removed from the complaint.

The remaining two claims went to trial, and the court entered judgment in favor of the Association on November 16, 2009. It found, "based upon the evidence presented, plaintiff owed defendant in excess of $8,000 for homeowners association fees and dues, which included late fees. The court found that

6

plaintiff did not meet her burden of proof in proving by a preponderance of the evidence that she paid more to the defendant than she owed."

The next day, Vivian transferred title back to Wilday with the lien unsatisfied.

The Association reinitiated foreclosure proceedings during 2010 and 2011. Vivian filed for bankruptcy, but her case was dismissed in September 2011.

In March 2012, Wilday again transferred title back to Vivian. Oddly enough, Vivian signed the grant deed both for herself and for Wilday as his power of attorney.

The Association again initiated foreclosure proceedings in 2014, recording a notice of default. The Association notified both Wilday and Vivian that it intended to foreclose on the condo. A notice of trustee's sale was recorded in January 2015.

*The 2015 Case*

Vivian filed her second lawsuit in June 2015. She alleged claims for (1) quiet title; (2) breach of contract; (3) fraud; (4) common counts; (5) wrongful foreclosure; and (6) declaratory relief. She alleged she was not given notice of the foreclosure sale, now scheduled for June 5, 2015, and she disputed the amount owed.

Vivian sought a preliminary injunction, which was denied. The court reasoned that Vivian was unlikely to prevail on her claims because they were barred by the claim preclusive effect of the 2008 judgment. The court held the cases involved the same primary right, that is, "Vivian's right as owner of the Property not to suffer a foreclosure based on fraudulent billing for delinquencies incurred by Wilday."

7

The Association demurred to the complaint based on claim preclusion. The trial court sustained the demurrer with leave to amend. Vivian did not amend the complaint, so judgment was entered dismissing the case with prejudice.

### The 2016 Case

The Association renoticed the foreclosure sale for August 5, 2016. Vivian filed a third lawsuit on August 2, 2016, alleging the same basic facts and the identical claims as in her 2015 case. She also sought an injunction to prevent a foreclosure sale. The court denied the preliminary injunction based on claim preclusion and because the property had been sold. The court ultimately dismissed this complaint on May 17, 2017, because Vivian failed to pay initial filing fees.

### The Current Case

Within two weeks, Vivian filed her fourth case on May 30, 2017, the case at issue here. By that time, her condo had been sold in the foreclosure sale.

## DISCUSSION

## I.    Standard of Review

We independently review the sustaining of a demurrer. (*Cansino, supra,* 224 Cal.App.4th at p. 1468.) We assume the truth of properly pleaded facts, and we give the complaint a reasonable interpretation, reading it in context. (*Ibid.*) We review the denial of leave to amend for abuse of discretion. The plaintiff bears the burden to show there is "a reasonable possibility that the plaintiff could cure the defect by amendment." (*Ibid.*)

## II. The Trial Court Properly Considered the Demurrer to the SAC

Vivian contends the trial court procedurally erred by sustaining the Association's demurrer to the SAC because the court had already overruled a demurrer to the FAC. In her view, she added "no new facts or circumstances" to the SAC, so she argues the Association's demurrer was an improper motion for reconsideration. She is incorrect.[4]

Code of Civil Procedure section 1008 allows a party to "make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Code Civ. Proc., § 1008, subd. (b).) This provision "does not apply when a party files a demurrer to an amended cause of action." (*Goncharov v. Uber Technologies, Inc.* (2018) 19 Cal.App.5th 1157, 1166 (*Goncharov*).) Thus, " 'a party is within its rights to successively demur to a cause of action in an amended pleading notwithstanding a prior unsuccessful demurrer to the same cause of action. [Citation.]' [Citation.]" (*Carlton v. Dr. Pepper Snapple Group, Inc.* (2014) 228 Cal.App.4th 1200, 1211 (*Carlton*).)

The rule relates to judicial economy: " ' "The interests of all parties are advanced by avoiding a trial and reversal for defect in pleadings. The objecting party is acting properly in raising the

---

[4] The Association argues Vivian forfeited this argument by failing to raise it in the trial court. She included it in her opposition to the Association's demurrer. We find no forfeiture.

point at his first opportunity, by general demurrer.  If the demurrer is erroneously overruled, he is acting properly in raising the point again, at his next opportunity.  If the trial judge made the former ruling himself, he is not bound by it.  [Citation.]  And, if the demurrer was overruled by a different judge, the trial judge is equally free to reexamine the sufficiency of the pleading.  [Citations.]" ' "  (*Carlton, supra,* 228 Cal.App.4th at pp. 1210–1211.)

The Association's demurrer to the SAC fell well within these rules.  Notwithstanding Vivian's contrary argument, the SAC made a substantive change to the FAC.  Her FAC alleged the Association wrongfully foreclosed on her condo in August 2017.  The trial court overruled the Association's demurrer in light of that 2017 date, since the prior lawsuits and rulings did not involve a foreclosure sale during that year.  When she changed the foreclosure date to 2016 in the SAC, that fundamentally altered the allegations, opening up the SAC to another demurrer based on claim preclusion.  The Association was not required to comply with the provisions for a reconsideration motion; its " 'second demurrer was an appropriate responsive pleading to a new complaint.' " (*Goncharov, supra,* 19 Cal.App.5th at p. 1166.)

This distinguishes Vivian's case from *Bennett v. Suncloud* (1997) 56 Cal.App.4th 91 (*Bennett*) and *Le Francois v. Goel* (2005) 35 Cal.4th 1094 (*Le Francois*).  In *Bennett*, the court held that "after the specified causes of action were amended, [the defendant] was free to demur to those causes of action on any ground," including by raising arguments previously asserted. (*Bennett, supra,* at p. 96.)  The court only found the order

sustaining the demurrer improper as to claims that had not been amended. (*Ibid.*)

*Le Francois* involved a repetitive summary judgment motion, which our high court held was improper unless it complied with Code of Civil Procedure sections 437c, subdivision (f)(2) and 1008. (*Le Francois, supra,* at p. 1105.) The case specifically did not involve a change between the first and second motion. In fact, the Court of Appeal had "found that the second summary judgment motion at issue here was based on the same law and evidence as the first motion and hence violated [Code of Civil Procedure] sections 437c, and 1008." (*Id.* at p. 1099.) The high court did not grant review of that issue and accepted the Court of Appeal's finding. (*Ibid.*) Unlike both *Bennett* and *Le Francois*, Vivian made a substantive change to the FAC when she changed the foreclosure sale date, a foundational allegation for all her claims. The SAC was open to fresh attack.

In any event, any error in this respect would not prevent our review of the merits. Our role " 'entails review of the trial court's ruling, not its rationale. Thus, even if the trial court . . . were constrained by its prior rulings . . . . , [an appellate court is] not so constrained and [is] free to render an opinion based on the correct rule of law.' [Citations.] As such, we are not bound by either trial court order." (*Goncharov, supra,* 19 Cal.App.5th at p. 1167.)

### III. Claim Preclusion Bars Any Challenge to the Validity of the Lien But Not Challenges to the Most Recent Foreclosure Sale Notice

"Claim preclusion, the ' " 'primary aspect' " ' of res judicata, acts to bar claims that were, or should have been, advanced in a previous lawsuit involving the same parties." (*DKN Holdings*

11

*LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) Claim preclusion
" 'prevents relitigation of the same cause of action in a second suit
between the same parties or parties in privity with them.'
[Citation.] Claim preclusion arises if a second suit involves:
(1) the same cause of action (2) between the same parties (3) after
a final judgment on the merits in the first suit. [Citations.] If
claim preclusion is established, it operates to bar relitigation of
the claim altogether." (*Ibid.*)

The only contested element here is whether the prior and
current cases involve the same causes of action. The claims need
not be identical; claim preclusion applies if the lawsuits involve
the same "primary right." " ' "The plaintiff's primary right is the
right to be free from a particular injury, regardless of the legal
theory on which liability for the injury is based." ' " (*Gillies v.
JPMorgan Chase Bank, N.A.* (2017) 7 Cal.App.5th 907, 914
(*Gillies*).) " 'A cause of action comprises the plaintiff's primary
right, the defendant's corresponding primary duty, and the
defendant's wrongful act in breach of that duty. [Citation.]'
[Citation.] Thus, under the bar rule [of claim preclusion], a
complaint may contain several counts, each of which relies on a
different legal theory, yet collectively assert only a single
violation of a specific primary right, that is, a single cause of
action." (*Boyd, supra,* 18 Cal.App.5th at p. 855.) "[T]he
determinative factor is the harm suffered. When two actions
involving the same parties seek compensation for the same harm,
they generally involve the same primary right." (*Boeken v. Philip
Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 (*Boeken*).)

The SAC contains two claims: wrongful foreclosure and
fraud. The wrongful foreclosure claim is based on allegations the
Association (1) lacked a valid security interest in her condo;

(2) violated Civil Code section 2924, subdivision (A)(1)(a); (3) violated former Civil Code section 1367.4 for failing to offer dispute resolution; and (4) violated former Civil Code sections 1367 and 2924, subdivision (f) by not notifying Vivian of the right to redeem.[5] The fraud claim is based on allegations the Association did not give her notice of the foreclosure sale. The SAC therefore asserts two distinct harms and two primary rights: Vivian's harm from a wrongful foreclosure based on an invalid lien; and Vivian's harm from the violation of specific statutory procedures to enable the foreclosure sale to proceed.

Any claim based on the harm from the allegedly invalid lien is barred by the judgment in the 2008 case. In the 2008 case, Vivian sought redress for the harm stemming from an alleged invalid lien based on delinquent association dues. That issue was litigated on the merits to a final judgment that validated the lien. That judgment prevents Vivian from asserting any claims that rest on a challenge to the validity of the lien. That theory of wrongful foreclosure in the SAC is thus barred by claim preclusion.

---

[5] Former Civil Code sections 1367 and 1367.4 were part of the Davis-Stirling Common Interest Development Act (the Davis-Stirling Act), which has since been reorganized and renumbered effective January 1, 2014. (*Diamond v. Superior Court* (2013) 217 Cal.App.4th 1172, 1183, fn. 2 (*Diamond*); Stats. 2012, ch. 180, §§ 1, 2.) This act sets forth notice requirements to perfect an assessment lien and foreclosure on a homeowner's property in a common interest development. Compliance with the statutory notice provisions is strictly required. (*Diamond, supra,* at p. 1198.)

Vivian's wrongful foreclosure and fraud claims based on improper notice for the August 2016 foreclosure sale are not barred by the prior cases. In the 2008 and 2015 cases, Vivian alleged a distinct harm—the failure of the Association to follow proper notice procedures for the prior notices at issue. In the 2008 case, Vivian alleged the Association violated former Civil Code section 1367.1, subdivisions (d) and (g) by sending notices to the wrong owner (Wilday) at an invalid address. In the 2015 case, Vivian alleged wrongful foreclosure because the Association violated Civil Code section 2924, subdivision (a)(5) by not giving her written notice of the new sale date of June 5, 2015. In the current case, Vivian alleges wrongful foreclosure due to defects in the August 5, 2016 sale notice, namely, that the Association did not offer her the opportunity for dispute resolution or to redeem. The fraud claim rests on her allegations she never received the notice at all. The 2008 and 2015 cases predated the notice for the August 2016 foreclosure sale and involved different notices, so Vivian could not have raised any defects in the most recent notice in those prior cases. As a result, Vivian suffered a distinct harm that was not previously adjudicated.

While the 2016 case (Vivian's third case) challenged the notice for the August 5, 2016 sale, that case does not bar her claims, either. It was dismissed for Vivian's failure to pay filing fees. The minute order dismissing the case does not indicate the dismissal was with prejudice, and the Association does not argue this was an adjudication on the merits for claim preclusion purposes. (Cf. *Boeken, supra,* 48 Cal.4th at p. 793 ["[A] dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action."].)

14

The Association incorrectly suggests the notice procedures for the August 2016 sale were decided against Vivian when the trial court denied her motion for a preliminary injunction to prevent the sale. A ruling on a preliminary injunction does not have preclusive effect in future proceedings. (See *Upland Police Officers Assn. v. City of Upland* (2003) 111 Cal.App.4th 1294, 1300 [" '[A] request for temporary equitable relief pending the determination of a case on its merits is an entreaty to the court to exercise its discretion and a ruling thereon is not a determination of the merits of the case. [Citation.] Such a pretrial ruling may not be given issue-preclusive effect with respect to the merits of the action. [Citations.]' "].)

In applying claim preclusion to the SAC, the trial court relied on *Gillies*, but we find it distinguishable. In *Gillies*, the Court of Appeal put an end to the plaintiff's pattern of four successive lawsuits to stave off the foreclosure on his property based on his failure to pay his loan. (*Gillies, supra,* 7 Cal.App.5th at pp. 910–911.) Each lawsuit alleged different defects in the foreclosure, all of which were directed at preventing foreclosure. The Court of Appeal held claim preclusion barred the plaintiff's latest lawsuit because he sought to vindicate the same "primary right" challenging alleged wrongful foreclosure procedures and the standing of the lender to foreclose. (*Id.* at p. 910.)

In contrast to *Gillies*, Vivian's condo has been sold in a foreclosure sale. Vivian is not trying to undo that sale. Instead, she seeks damages for statutory violations in the notice procedures leading to the August 5, 2016 foreclosure sale. While a plaintiff's successive lawsuits advancing different theories "in an attempt to retain possession of his house" might involve

15

the same primary right (*Gillies, supra,* 7 Cal.App.5th at p. 915), Vivian's most recent post-foreclosure lawsuit does not.

Thus, Vivian's wrongful foreclosure claim based on any challenge to the validity of the Association's lien is barred by claim preclusion, so the trial court properly sustained the demurrer to this claim. However, her wrongful foreclosure and fraud claims based upon irregularities in the Association's notice are not barred by claim preclusion, so the court erred in sustaining the demurrer on this basis.

## IV.    Vivian's Fraud Claim Fails But Part of Her Wrongful Foreclosure Claim Must Be Remanded

On appeal, the Association has not briefed the merits of the irregularities of the August 2016 notice of foreclosure sale underlying Vivian's wrongful foreclosure claim. We express no opinion on the viability of that claim. Nothing in this opinion precludes the parties and the trial court from addressing the sufficiency of this claim on remand.[6]

---

[6]    As noted above, the SAC cites two portions of the Davis-Stirling Act that have been repealed:  Civil Code sections 1367.4 and 1367.  In her briefs on appeal, Vivian cites the current Civil Code sections 5705, subdivision (a) (former Civil Code section 1367.4) and 5710, subdivision (b) (former Civil Code section 1367.1, subd. (j)), both of which regulate foreclosures based upon liens for assessments in common interest developments.  (Civil Code, § 5700, et seq.)  We leave it to the trial court on remand to evaluate these or any other applicable provisions of the Davis-Stirling Act in light of Vivian's allegations in the SAC.

Vivian also cites Civil Code sections 5660 (lien notice requirements) and 5665 (meetings with board and payment plans), but those relate to the lien itself, so any violations of those sections are barred by the judgment in the 2008 case.

16

As for fraud, we agree with the Association that Vivian cannot allege sufficient facts to state a claim. Her claim is one for fraudulent concealment, so she must allege facts to show "(1) concealment of a material fact; (2) by a defendant with a duty to disclose; (3) the defendant intended to defraud by failing to disclose; (4) plaintiff was unaware of the fact and would not have acted as it did had it known of the fact; and (5) damages." (*Butler America, LLC v. Aviation Assurance Co., LLC* (2020) 55 Cal.App.5th 136, 144.)

Vivian alleges the Association deliberately omitted her name from the Notice of Default and did not mail it or post it to her home, so she did not know her home was in foreclosure. But according to the documents judicially noticed by the trial court, she *did* know about the foreclosure sale. She filed her 2016 case to stop it. In fact, she filed a motion for a temporary restraining order and preliminary injunction, which included her declaration admitting, "On July 13, 2016, I received a notice that a foreclosure sale date was set for August 5, 2016." Because these documents were properly subject to judicial notice, they override her contrary allegations. (*Cansino, supra,* 224 Cal.App.4th at p. 1468.)[7] Having admitted she knew about the sale, she cannot state a fraudulent concealment claim.

Vivian has not suggested in the trial court or on appeal how the SAC could be amended to state a valid fraud claim, so the trial court did not abuse its discretion in denying leave to amend.

---

[7] Vivian contends the Association waived this argument by only raising it in its demurrer to the SAC and not in its demurrer to the FAC. For the reasons already discussed, the Association was free to attack the SAC on this ground.

17

(*Centex Homes v. St. Paul Fire & Marine Ins. Co.* (2015) 237 Cal.App.4th 23, 32.)

## DISPOSITION

The judgment sustaining the demurrer to Vivian's wrongful foreclosure claim based upon defects in the foreclosure sale notice is reversed. The matter is remanded for further proceedings consistent with this opinion.

In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.


OHTA, J. *

We Concur:



STRATTON, Acting P. J.



WILEY, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.