Filed 8/11/21  Martinez v. The Bank of New York Mellon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PETRA MARTINEZ et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, as Trustee, etc., et al.,<br><br>      Defendants and Respondents. | H047862<br>(Monterey County<br>Super. Ct. No. 19CV003671) |

Appellants Petra Martinez and Stanley Atkinson, representing themselves in this court, have previously filed several unsuccessful wrongful foreclosure actions related to their former property in Salinas.  In 2019, they filed this suit against respondents, The Bank of New York Mellon (bank)[1] the former owner of the loan and property, and U4RIC Investments, LLC (U4RIC), the property's current owner.  The trial court sustained bank's demurrer to the complaint based on principles of res judicata and entered a judgment of dismissal.  For the reasons set forth below, we affirm.

---

[1] Bank was sued in its capacity as a corporate trustee, and the judgment, refers to bank as "The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-HYB4, Mortgage Pass-Through Certificates Series 2006-HYB4."  (Some capitalization omitted.)

# I. FACTS AND PROCEDURAL BACKGROUND

## A. *Property, Loan, and Foreclosure*

Appellants Martinez and Atkinson (collectively, appellants) are or were married and previously resided on a property in Salinas, California (property). In or around 2009, Martinez defaulted on a substantial loan that was secured by the property. In 2009, a first notice of default was recorded on the property. Bank (which was not the original lender) was assigned the deed of trust in 2010.

Following extensive litigation, some of which we detail below, a nonjudicial foreclosure sale of the property occurred in March 2018. In summer 2019, bank conveyed the property to U4RIC by grant deed. U4RIC successfully brought an unlawful detainer action pursuant to Code of Civil Procedure section 1161a against Martinez and Atkinson to gain possession of the property.

## B. *Other Lawsuits Related to the Property*

Appellants extensively litigated issues and claims surrounding the loan, the loan securitization, and the property foreclosure process. Between 2009 and 2018, either Martinez or both Martinez and Atkinson brought at least four actions in various courts against bank and other entities alleging wrongful conduct connected to the loan and foreclosure proceedings.

One of those lawsuits involved a suit by appellants against bank and several related entities in 2016 in superior court (case No. 16CV003679) for wrongful foreclosure of the property. In November 2018, a panel of this court affirmed the judgment of dismissal in favor of bank and the other respondents. (See *Martinez v. The Bank of New York Mellon* (Nov. 7, 2018, H044702) [nonpub. opn.].) In that opinion, this court decided that the facts in appellants' complaint did not establish a lack of authority to foreclose. (*Ibid.*)

Following the foreclosure sale in March 2018, in April 2018 appellants initiated another wrongful foreclosure lawsuit (case No. 18CV001430) against bank. Their

lawsuit alleged claims similar to those they had made in prior lawsuits. In addition, the complaint alleged that a 2016 substitution of trustee recorded prior to the foreclosure sale was "fraudulently flawed on several grounds," including that the notary's signature in the substitution of trustee was "apparently forged." The trial court entered a judgment of dismissal in that case, which appellants did not appeal, and which has long since been final.

### B. Current Lawsuit

Shortly after the property was conveyed to U4RIC by grant deed, in September 2019 appellants filed this action in Monterey County Superior Court, against bank and U4RIC (collectively, respondents).

Bank filed a demurrer. Additionally, bank contemporaneously filed a motion to deem appellants vexatious litigants based on their prior unsuccessful wrongful foreclosure-related lawsuits against bank and other entities. As part of their vexatious litigant motion, bank requested that the trial court order appellants to furnish security (Code Civ. Proc., §§ 391.1, 391.3) and prohibit them from filing any new litigation in the courts of the State of California in propria persona without first obtaining leave of the presiding judge of that court. In support of its demurrer to the original complaint and vexatious litigant motion, bank filed a request for judicial notice. The request attached numerous exhibits, including recorded documents related to the loan and foreclosure and court documents from prior litigation involving either Martinez or both appellants over the loan and foreclosure-related proceedings.

Rather than respond to the demurrer, appellants filed the operative, amended complaint on October 30, 2019 (complaint) against defendants.[2] Appellants alleged 11 causes of action and sought injunctive relief and various damages and costs. Appellants

---

[2] Following the filing of the amended complaint, bank filed a notice to the court that it was withdrawing its demurrer to the original complaint. Bank did not withdraw its vexatious litigant motion or accompanying request for judicial notice.

3

attached several exhibits to the complaint, including a declaration from a purported handwriting expert named Beth Chrisman who questioned the veracity of signatures on various recorded documents related to the property. The declaration included the opinion that the notary's signature on a recorded 2016 substitution of trustee was forged.

Bank filed a demurrer to all causes of action asserted in the complaint. Codefendant U4RIC filed a notice of joinder to bank's demurrer. Bank's demurrer argued that the complaint was barred as a matter of law by the doctrines of "res judicata and collateral estoppel" and, alternatively, appellants' causes of action failed to state facts sufficient to constitute a cause of action. Bank filed another request for judicial notice and attached 38 exhibits, which included this court's prior 2018 opinion and many of the same documents attached to its prior request for judicial notice.

On December 13, 2019, the trial court held a hearing on both bank's demurrer and vexatious litigant motion. The trial court sustained the demurrer without leave to amend. The trial court observed that appellants' first amended complaint was "almost identical" to case No. 18CV001430, filed in April 2018, which had been dismissed with prejudice and from which appellants had not appealed. The court found "res judicata" applied and sustained the demurrer without leave to amend because "here there [are] no facts that are going to change that this lawsuit was previously filed in April of 2018 under a different case number." The court also granted the bank's request for judicial notice filed in connection with its demurrer.

Turning to bank's vexatious litigant motion, the trial court declared appellants vexatious litigants. The court also granted the request for judicial notice of court documents filed in connection with the vexatious litigant motion. The trial court ordered appellants to post bond in the amount of $5,855, representing the estimated attorney fees to date in the case, "before any further activity with respect to [bank]." The court also granted a prefiling order prohibiting "plaintiff from filing new litigation" against bank

4

and, upon request by bank, stated it would consider whether it could extend the order beyond bank.

On January 10, 2020, the trial court entered a written order memorializing its ruling sustaining the demurrer to the complaint and granting bank's vexatious litigant motion.[3] The trial court's written order extends the prefiling order to prohibit appellants "from filing any further actions against [bank], its associated entities, and agents relating to the origination, servicing and foreclosure of real property located at 25339 Camino De Chamisal, Salinas, CA 93908, without first obtaining leave from the presiding Judge and posting a $5,855.00 bond."

Appellants timely appealed the judgment of dismissal. Appellants did not obtain a prefiling order, as required by the trial court's vexatious litigant order, prior to filing this appeal.

## II. DISCUSSION

In their appeal of the judgment of dismissal, appellants contend the trial court erred in sustaining the demurrer without leave to amend. Among other claims, appellants assert that documents related to the foreclosure proceeding were forged and therefore "null and void." Both bank and U4RIC have filed briefs contending appellants' claims are defective as a matter of law, including based on the doctrine of "res judicata." Bank further submits that appellants' appeal is "barred on its face" by the trial court's vexatious litigant finding and prefiling order.

*A. Vexatious Litigant Prefiling Order*

On appeal, appellants do not challenge (or acknowledge) the trial court's January 10, 2020 ruling subjecting them to a prefiling order. It is therefore undisputed that

---

[3] The trial court denied, following its entry of judgment, appellants' motion for reconsideration of the trial court's order sustaining the demurrer and declaring appellants vexatious litigants. Appellants do not contend the trial court erred in denying their motion for reconsideration.

5

appellants were subject to a prefiling order requiring them to seek permission from this court prior to filing this appeal, and they failed to do so. (See *McColm v. Westwood Park Ass'n* (1998) 62 Cal.App.4th 1211, 1219, disapproved on another ground in *John v. Superior Court* (2016) 63 Cal.4th 91, 97–98.) Bank contends that the appeal should be dismissed on this ground.

Where the clerk of the court erroneously files new litigation by a vexatious litigant, the court may stay the action and direct the litigant to submit a request to proceed with the litigation. (Code Civ. Proc., § 391.7, subd. (c).) While a court may take such action, the relevant statute does not mandate it do so. (Code Civ. Proc., § 391.7, subd. (c).) Because appellants did not and still do not appear on the record of vexatious litigants subject to prefiling orders maintained by the Judicial Council, and because prior to filing its respondent's brief the bank failed to notify this court of appellants' vexatious litigant status, this court did not stay the action nor direct appellants to seek permission to proceed before briefing was completed.[4]

As the parties have fully briefed the appeal, staying the action and directing appellants to seek permission to proceed with the litigation at this juncture would serve no purpose. Code of Civil Procedure section 391.7, subdivision (b), authorizes the presiding justice to permit a vexatious litigant to file the appeal "if it appears that the [appeal] has merit and has not been filed for the purposes of harassment or delay." At this late stage of the appellate process, any submission from appellants regarding merit, harassment, or delay would be superfluous.

Appellants' contentions show at least arguable merit sufficient to warrant the unauthorized appeal to proceed on the merits. Therefore, we decline to dismiss the appeal and reject bank's assertion that the appeal is barred on its face. Nevertheless, as

---

[4] Appellants do not appear on the list maintained by the Judicial Council. The clerk of this court is directed to forward a copy of the January 10, 2020 order to the Judicial Council for inclusion of Martinez and Atkinson on the vexatious litigant list.

explained more fully below, we conclude that the arguable merit of appellants' claims does not withstand close examination.

### B. *Order Sustaining Demurrer Without Leave to Amend*

In our review of the trial court's ordering sustaining the demurrer, "we accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)  We also accept as true facts of which a court may take judicial notice.  (*Ibid.*)  "To determine whether the trial court should, in sustaining the demurrer, have granted the plaintiff leave to amend, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects."  (*Ibid.*)  The plaintiff has the burden of demonstrating there is a reasonable possibility the defect can be cured by amendment, and that the trial court abused its discretion in finding otherwise.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)  We may deem issues not raised or supported by legal authority as forfeited.  (See *In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 227).  Self-represented litigants are subject to the same rules as litigants who are represented by legal counsel.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Applying these well-established principles, we agree with bank that appellants have not made any discernible argument that the trial court erred in sustaining the demurrer as to the majority of the causes of action in the complaint.[5]  (See *Paterno v.*

---

[5] Specifically, appellants do not address the following six claims that are titled a "cause of action" in their complaint: "filing false complaint" related to an unlawful detainer action (sixth cause of action), "holder of a void note" (seventh cause of action), "holder of a void deed of trust" (eighth cause of action), "no chain of endorsement" (ninth cause of action), "violation of court order" (tenth cause of action) related to an order in a 2010 unlawful detainer case that preceded the later unlawful detainer proceedings, and "sale of plaintiffs' property at mock auction" (eleventh cause of action).

*State of California* (1999) 74 Cal.App.4th 68, 106.) We decline to address these undeveloped claims. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984–985.)

Appellants' briefing appears to challenge the trial court's order only insofar as it sustained the demurrer with respect to the causes of action for unlawful foreclosure (first cause of action), cancellation of instrument (second cause of action), quiet title (third cause of action), violation of Civil Code section 2924, subdivision (a)(6), a provision of the California Homeowner Bill of Rights (fourth cause of action), and violation of California's unfair competition law (Bus. & Prof. Code, § 17200 et seq.) (fifth cause of action). Appellants' claims are premised on bank's wrongful foreclosure and lack of authority to foreclose and are largely underpinned by the allegation that the 2016 substitution of trustee was forged rendering the foreclosure sale invalid. However, because appellants' complaint was barred by the doctrines of claim and issue preclusion, the trial court properly sustained bank's demurrer without leave to amend.

The term " 'res judicata' " (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823) is often used "as an umbrella term encompassing both claim preclusion and issue preclusion, which [is] described as two separate 'aspects' of an overarching doctrine. [Citations.] Claim preclusion, the ' " 'primary aspect' " ' of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. [Citation.] Issue preclusion, the ' " 'secondary aspect' " ' historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit." (*Id.* at pp. 823–824.) " ' "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a

Even assuming appellants had not forfeited their arguments as to these claims, their contention that the trial court erred lacks merit. For instance, several of these causes of action were plainly barred under the doctrine of claim preclusion.

prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." ' " (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) " 'A predictable doctrine of res judicata benefits both the parties and the courts because it "seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration*." ' " (*Gillies v. JPMorgan Chase Bank, N.A.* (2017) 7 Cal.App.5th 907, 914 (*Gillies*).)

Appellants have previously litigated the validity of the loan and foreclosure of the property. Their earlier litigation was unsuccessful, and the sale of the property has been upheld. Indeed, in 2018, this court rejected numerous theories of wrongful foreclosure advanced by appellants, including the same core claim they make here that bank was not authorized to foreclose on their home. (See *Martinez v. The Bank of New York Mellon*, *supra*, H044702.) Additionally, as the trial court noted, appellants' April 2018 lawsuit alleged issues identical to the present lawsuit, including forgery of the 2016 substitution of trustee. There is no dispute that the trial court in that prior 2018 lawsuit entered a judgment of dismissal, which appellants did not appeal, and which has long since been final.

In support of their argument that the current lawsuit should nevertheless survive, appellants rely extensively on the declaration attached to their complaint from their handwriting expert (Chrisman). Appellants assert that Chrisman's declaration was "made last year" and "provided better proof that there were forged documents" and "[a]ppellants have new Causes of Action." However, their argument fails because there is no dispute that the issue of whether the recorded documents were forged could have been raised earlier and, at least as to the 2016 substitution of trustee, was in fact raised and litigated. (See *Direct Shopping Network, LLC v. James* (2012) 206 Cal.App.4th 1551, 1559.) "A party cannot ' "by negligence or design withhold issues and litigate them in consecutive actions" ' [citation], or 'escape the bar of the prior decision[] by asserting that . . . [it has]

9

other evidence which was not introduced in the earlier proceedings.' " (*Ibid.*) " 'Somewhere along the line, litigation must cease.' " (*Gillies*, *supra*, 7 Cal.App.5th at p. 914.)  The doctrines of claim and issue preclusion bar appellants from attempting to resurrect the validity of the foreclosure sale now, including on the theory that certain recorded documents were forged.[6]

Regarding the trial court's order denying leave to amend, appellants do not attempt to show that any amendment could cure the defects alleged in their complaint. We therefore must conclude that the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.  (*Blank*, *supra*, 39 Cal.3d at p. 318.)

### III. DISPOSITION

The judgment is affirmed.  Respondents are awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

---

[6] Similarly unavailing is appellants' reliance on the United States Supreme Court's observation in a trademark case that "claim preclusion generally ' "does not bar claims that are predicated on events that postdate the filing of the initial complaint." ' " (*Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.* (2020) 590 U.S. ___, ___, 140 S.Ct. 1589, 1596.)  The core events of the underlying loan and filing of recorded documents in the foreclosure process all predate at least the filing of the April 2018 complaint.  The assertion that appellants may have marshalled "better proof" that certain documents may have been forged is irrelevant under these circumstances.

10

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Grover, J.


**H047862**
*Martinez et al. v. Bank of New York Mellon et al.*