Filed 5/7/25  Nguyen v. U.S. Bank CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERI HA NGUYEN et al., | H050957 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 22CV395033) |
| v. | |
| U.S. BANK, N.A. et al., | |
| Defendants and Respondents. | |

This dispute stems from a foreclosure by defendant U.S. Bank on residential property in Monte Sereno (the property) owned by Teri Ha Nguyen.  Nguyen and Rose Court LLC—a limited liability company of which Nguyen is the managing member— have filed multiple unsuccessful lawsuits in state and federal court challenging the foreclosure process and underlying mortgage, including this action brought in 2022.

The trial court sustained defendants' demurrer without leave to amend based on claim preclusion grounds, finding that the same causes of action between the same parties, or parties in privity with them, had been adjudicated, or could have been raised, in one of the prior actions.

We agree and affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

## A. *The underlying loan and notice of default*

In April 2007, Nguyen entered into a residential mortgage loan transaction with Washington Mutual Bank, FA, consisting of a promissory note for $2,500,000, secured by a deed of trust against the property (loan). U.S. Bank is a successor in interest to previous lenders who have held the promissory note.

In March 2009, U.S. Bank and its loan servicer Select Portfolio Servicing Inc. (SPS) caused a notice of default on the loan to be recorded in the Santa Clara County Recorder's office.

## B. *Plaintiffs' requests for payoff or reinstatement amount*

Following the recording of the notice of default, plaintiffs made numerous requests for defendants to provide a payoff or reinstatement statement, to which defendants either failed to respond or provided inaccurate information, in violation of Civil Code sections 2924c and 2943.

For example, on October 15, 2019, defendants provided plaintiffs with a notice that the reinstatement amount was $1,350,123.86 and the interest rate on the loan was 4.875 percent. On October 21, 2019, defendants provided plaintiffs with a notice that the reinstatement amount was $1,687,781.64 and that the interest rate on the loan was 6 percent. On October 25, 2019, plaintiffs received a letter for a full payoff for the loan which, if accepted, meant the reinstatement amount was $1,089,972.26.

Plaintiffs again requested an accurate statement of the amounts due, but received no response, thereby preventing them from exercising their right to reinstate the loan.

Also, on October 25, 2019, and November 7, 2019, plaintiffs actually tendered the amounts due on the loan to reinstate them, and provided proof that they had the necessary funds, but were unable to determine the correct amount due to inconsistent claims by

---

[1] We take our facts from those properly pleaded in the operative complaint and matters properly judicially noticed. (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 638.)

defendants.  Plaintiffs received no response to the tender except a letter stating that plaintiffs did not qualify for a modification of the loan, and a letter informing them of the amount to repay the entire loan which contained inconsistent information for the reinstatement.

### C. Foreclosure sale

On August 6, 2019, defendants recorded a notice of trustee's sale for the property, initially set for September 23, 2019.  The foreclosure sale was ultimately held on November 25, 2019, at which U.S. Bank claimed to purchase the property for roughly $3.584 million.

On December 9, 2019, defendants recorded the deed granting title to the property to U.S. Bank.

Notwithstanding that, plaintiffs allege in the operative complaint that Rose Court has been and is the current legal owner of the property.

### D. Rose Court's 2019 bankruptcy proceeding

On November 23, 2019, Rose Court filed a Chapter 11 bankruptcy petition in United States Bankruptcy Court in the Northern District of California.  Shortly thereafter, on December 13, 2019, Rose Court filed an adversary complaint in the bankruptcy court against US Bank, SPS, and Quality Loan Service Corporation (Quality Loan).[2]

The adversary complaint alleged that US Bank used a "falsified note instrument and falsified void allonge instrument [as part of] a fraudulent collection scheme."[3]  That

---

[2] An adversary complaint in a bankruptcy proceeding is a self-contained action brought within the original bankruptcy case to address various types of claims, such as a proceeding to determine the validity, priority, or extent of a lien or other interest in property.  (*Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 976; *In re Copper King Inn, Inc.* (9th Cir. 1990) 918 F.2d 1404, 1406.)

[3] The bankruptcy court's order recites that the court had dismissed Rose Court's initial adversary complaint, after which Rose Court filed a first amended complaint, which the defendants then moved to dismiss.  The record on appeal in this case, however, only includes one pleading, labeled "adversary complaint"—there is no pleading that
(continued)

3

falsification and fraud allegedly stemmed from defendants' reliance on a prior order of the bankruptcy court—granting defendants' motion for relief from the automatic bankruptcy stay—which Rose Court contended was defective and void.

According to Rose Court, the order granting relief did not contain the requisite language finding that the bankruptcy filing was part of a " 'scheme to cause delay, or hinder, or defraud the creditor,' as required by 11 U.S.C. section 362(d)(4)." The order was also allegedly "not recorded in compliance with [applicable state laws] governing notices of interest or liens in the properly," because it did not include the language "affecting the title of the real property," followed by a legal description or assessor's parcel number. As a result of those defects, Rose Court alleged, "the public was not on constructive notice of the order's legal effect on the sale and therefore the bankruptcy filing caused a chilling effect on bidding at the alleged auction."

The trustee's deed upon sale was therefore "fraudulently executed," Rose Court argued, and the property was transferred to US Bank pursuant to the "falsely alleged" foreclosure sale. Defendants thus "willfully, knowingly and intentionally recorded a fraudulent and defective [deed of trust] that incorrectly recites that [the property] was sold [by] the Trustee at public auction on November 25, 2019," and the falsely alleged foreclosure sale "deceptively indicates the foreclosing beneficiary was the highest bidder at the sale and became the purchaser of the said Property."

Based on those allegations, Rose Court set forth six distinct claims for relief for declaratory relief, turnover of property, contempt, and injunctive relief.

_____

appears to be an amended complaint. In addition, some of the language of the first amended complaint that is quoted in the bankruptcy court's order does not match the language in the pleading included in the record, suggesting that the pleading in the record is not the operative first amended complaint. Notwithstanding that discrepancy, though, plaintiffs cite to the pleading included in the record as the operative complaint that was considered and ultimately dismissed by the bankruptcy court. Accordingly, we will treat the adversary complaint included in the record as the operative complaint which the bankruptcy court considered when ruling on defendants' motion to dismiss.

4

Defendants moved to dismiss the adversary complaint; plaintiffs opposed the motion and sought leave to amend again. On July 22, 2020, the bankruptcy court granted defendants' motion to dismiss, and denied Rose Court's motion for leave to amend (bankruptcy order). First, the bankruptcy order held that Rose Court had not pleaded any facts giving rise to its claim that U.S. Bank, "through a falsified note instrument and falsified void allonge instrument, is part of a fraudulent collection scheme and is a creditor with a disputed claim allegedly secured by [the property]."

Second, the bankruptcy order addressed Rose Court's argument that "no foreclosure sale actually occurred," and that Quality Loan fraudulently executed the trustee's deed upon sale, thereby only transferring the property to U.S. Bank "pursuant to the falsely alleged Foreclosure Sale." Contrary to those allegations, the bankruptcy order stated, the transcript of the trustee's sale—which was included with the operative complaint—showed that the sale was not postponed, and did occur. As the bankruptcy order stated, the "clear statement by the auctioneer at the duly noticed foreclosure sale" contradicts Rose Court's allegations that the sale was postponed.

The bankruptcy order cited Civil Code section 2924h, subdivision (c), which provides in part: "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within [21] calendar days after the sale, or the next business day following the [21st] day if the county recorder in which the property is located is closed on the [21st] day." (Civ. Code, § 2924h, subdivision (c).) Relying on the California Supreme Court's holding in *Biancalana v. T.D. Services Co.* (2013) 56 Cal.4th 807, 814, the bankruptcy order held that the presumption of validity of the foreclosure sale "became conclusive upon delivery of the trustee's deed to the successful bidder."

Accordingly, the bankruptcy order granted the motion to dismiss.

The bankruptcy order then addressed Rose Court's motion for leave to amend, which argued that the note and deed of trust were unenforceable because Nguyen's

5

signature as managing member of Rose Court had been forged. First, the bankruptcy order noted that Rose Court had already voluntarily dismissed three separate actions against SPS and Quality Loan since 2017, which had all challenged the defendants' right to foreclose: (1) *Rose Court LLC v. Select Portfolio Servicing Inc., et al.*, Santa Clara County Superior Court Case No. 17CV313755, filed on February 21, 2018; (2) *Rose Court LLC and Teri H. Nguyen v. Select Portfolio Servicing Inc., et al*, San Francisco County Superior Court Case No. CGC-19-580261, filed on December 22, 2019, and removed to the U.S. District Court as Case No. 3:19-CV-O7688-LB; and (3) *Rose Court LLC, et al. v. Select Portfolio Servicing, Inc. et al.*, Case No. 19-CV-359333, Santa Clara County Superior Court Case No. l9-CV-359333.

The bankruptcy order stated that Rose Court sought leave to amend the operative complaint to add claims that the note and deed of trust were unenforceable—claims that had been asserted in the three prior lawsuits Rose Court had voluntarily dismissed. Under the Federal Rules of Civil Procedure, rule 41(a)(1), the bankruptcy order explained, a voluntary dismissal is without prejudice "unless the plaintiff previously dismissed any federal or state court action based on or including the same claim." Therefore, Rose Court's multiple voluntary dismissals "operate as an adjudication on the merits of the claims [Rose Court] wants to add." Because the proposed amendment would be futile, the court held, the motion to amend was denied.

Rose Court appealed the bankruptcy order to the Northern District of California, which affirmed on September 27, 2021. Rose Court then appealed to the Ninth Circuit Court of Appeals, Case No. 21-16663. At the time briefing concluded in the appeal in this court, the Ninth Circuit had not yet ruled. On our own motion, pursuant to Evidence Code section 452, subdivision (d), we take judicial notice of the Ninth Circuit's decision dated October 17, 2024, in which the court of appeals affirmed the district court's affirmance of the bankruptcy order. (*Rose Court, LLC v. Select Portfolio Servicing, Inc.*, (9th Cir. 2024) 119 F.4th 679 (*Rose Court, LLC*).)

6

### E. The instant lawsuit

On February 15, 2022, Nguyen, Rose Court, and an individual named Xiaoli Deng filed a complaint in Santa Clara County Superior Court against defendants and additional parties, asserting a cause of action for wrongful foreclosure.

On August 3, 2022, Nguyen and Rose Court filed the operative first amended complaint (FAC), naming U.S. Bank, SPS, and Quality Loan as defendants. The FAC alleges that it is "an action arising from the wrongful foreclosure against the [property]." The FAC then sets forth the allegations summarized above, asserting that plaintiffs made numerous requests for defendants to provide a payoff or reinstatement statement, but defendants either failed to respond or provided inaccurate information. In the FAC, plaintiffs assert causes of action for wrongful foreclosure, quiet title, cancellation of instruments, and violation of Unfair Competition Law.

### F. Demurrer

Defendants filed a demurer on September 6, 2022, arguing that the claims are barred by res judicata. According to defendants: (1) there had been a final adjudication on the merits in the bankruptcy adversary proceeding; (2) Nguyen was in privity with Rose Court because they co-owned the property and Nguyen was the managing member of Rose Court; and (3) the issues raised in the prior actions addressed the same primary right as the current action—plaintiffs' interest in recovering ownership of the property after a wrongful foreclosure—and whether plaintiffs actually asserted the same legal theory in the bankruptcy lawsuit was irrelevant because they could have done so.

Defendants also argued that plaintiffs' claims failed because they were barred by the prohibition against splitting causes of action, they did not allege that plaintiffs made a written reinstatement request, and plaintiffs' alleged tender was invalid as a matter of law.

Lastly, defendants argued the demurrer should be sustained without leave to amend because it would be "impossible for plaintiffs to cure the defects in the FAC when

as a matter of law *all* of their claims are barred by the doctrine of res judicata, and the prohibition against splitting a cause of action."

Plaintiffs opposed the demurrer, arguing that because the bankruptcy ruling only granted a motion to dismiss and denied leave to amend, it did not constitute a final judgment on the merits for purposes of res judicata or the prohibition against splitting causes of action.

### G. Trial court ruling and judgment

On January 4, 2023, the trial court sustained the demurrer without leave to amend on res judicata grounds. The court held that the "same issues" prong of res judicata was satisfied because the FAC in this lawsuit seeks redress for the same foreclosure-related irregularities as the bankruptcy adversary proceeding did. Second, the "same parties" prong was satisfied because plaintiffs Nguyen and Rose Court identified US Bank and SPS as defendants in both actions. And, third, the "final judgment on the merits" prong was satisfied because the bankruptcy order "clearly addressed the insufficiency of the allegations along with the applicable law," so it constituted a final judgment on the merits. The trial court declined to reach defendants' alternative arguments, and sustained the demurrer without leave to amend.

A judgment of dismissal with prejudice was entered on February 24, 2023. Plaintiffs timely appealed.

## II. DISCUSSION

### A. Applicable law and standard of review

Res judicata, or claim preclusion, "prohibits a second suit between the same parties on the same cause of action." (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 792 (*Boeken*).)

"Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*), citing *Mycogen*

8

*Corporation v. Monsanto Company* (2002) 28 Cal.4th 888, 896; see also, *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 185 (*Bucur*) [elements of claim preclusion are (1) the claim in the present action must be identical to a claim litigated or that could have been litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding].)

We review de novo an order of dismissal following the sustaining of a demurrer without leave to amend. (*Committee for Green Foothills v. Santa Clara County Board of Supervisors* (2010) 48 Cal.4th 32, 42.) We independently review the operative complaint, assuming the truth of all properly pleaded facts, giving it a reasonable interpretation, and reading it in context. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*); *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) However, we do not assume the truth of contentions, deductions, or conclusions of law. (*Evans, supra*, at p. 6.) We may also consider matters properly judicially noticed as well as facts appearing in any exhibits attached to the complaint. (Code Civ. Proc., § 430.30, subd. (a); *Schifando, supra*, 31 Cal.4th at p. 1081.)

Separately, we apply an abuse of discretion standard to determine whether there is a reasonable possibility the complaint could be cured by amendment. (*Heritage Oaks Partners v. First American Title Insurance Co.* (2007) 155 Cal.App.4th 339, 344.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662.)

### B. Analysis

#### 1. Same issues

As set forth above, for claim preclusion to apply, the claim in the present action must be identical to a claim that was litigated, or could have been litigated, in a prior action. (*Bucur, supra,* 244 Cal.App.4th at p. 185; see also, *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 92–93 (*Kim*) [prior judgment between the same

9

parties "is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable"].)

The California Supreme Court has explained that, while claim preclusion is often described as prohibiting a second suit between the same parties on the "same cause of action," that phrase "is defined in terms of a primary right and a breach of the corresponding duty; the primary right and the breach together constitute the cause of action." (*Boeken, supra*, 48 Cal.4th at p. 792.)

The Court has described the primary rights theory as follows: " '[a] cause of action ... arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term … ." ' " (*Boeken, supra*, at pp. 797–798, quoting *McKee v. Dodd* (1908) 152 Cal. 637, 641.)

Further, " '[i]n California the phrase "cause of action" is often used indiscriminately ... to mean *counts* which state [according to different legal theories] the same cause of action … .' " (*Boeken, supra*, 48 Cal.4th at p. 798, quoting *Eichler Homes of San Mateo, Inc. v. Superior Court* (1961) 55 Cal.2d 845, 847.) However, "for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." (*Boeken, supra*, at p. 798.)

A cause of action therefore "is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief.' [Citations.]" (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795.)

10

"Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken, supra*, 48 Cal.4th at p. 798.)

In *Boeken*, the plaintiff initially filed a common law action for loss of consortium against the defendant cigarette manufacturer, seeking compensation for the permanent loss of her husband's companionship and affection, following his diagnosis with lung cancer. After that action was dismissed with prejudice and her husband subsequently died, the plaintiff brought a new action for wrongful death against the same defendant. (*Boeken, supra*, 48 Cal.4th at pp. 791–792.)

On those facts, the California Supreme Court determined that the primary right asserted by the plaintiff in her first lawsuit was the right not to be wrongfully deprived of spousal companionship and affection, while the corresponding duty was not to wrongfully deprive a person of that companionship and affection. (*Boeken, supra*, 48 Cal.4th at p. 798.) Once the initial lawsuit was dismissed with prejudice, that primary right and the breach of duty had been adjudicated in the defendant's favor. (*Ibid*.) "Therefore, plaintiff could not later allege the same breach of duty in a second lawsuit against defendant, based on a new legal theory (statutory wrongful death)." (*Ibid*.) The Court concluded that "the primary right at issue in plaintiff's current wrongful death action for loss of consortium is the same as the primary right at issue in her previous common law action for loss of consortium, and therefore the res judicata doctrine bars the wrongful death action insofar as it concerns loss of consortium." (*Id*. at p. 804.)

Applying these standards here, the primary right asserted in the bankruptcy adversary proceeding was the right to be free from improper foreclosure proceedings. As we have summarized, in that case, Rose Court alleged that the defendants used a falsified note instrument and a falsely alleged foreclosure sale, as part of a fraudulent collection scheme, in which the defendants willfully, knowingly and intentionally recorded a fraudulent and defective deed of trust that incorrectly recited that the property was sold at

11

public auction. In other words, Rose Court contested the validity and enforceability of the underlying note and deed of trust, as well as the foreclosure process.

Similarly here, plaintiffs bring an action "arising from the wrongful foreclosure against the [property]." The FAC alleges that plaintiffs made numerous requests for defendants to provide a payoff or reinstatement statement, but defendants either failed to respond or provided inaccurate information. As a result, they argue, the foreclosure sale was wrongful and void as a matter of law.

Although the FAC alleges different facts and legal theories than the adversary complaint, the alleged injury is the same: a wrongful foreclosure. The "determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken, supra*, 48 Cal.4th at p. 798.)

The facts here are similar to those in *Gillies v. JPMorgan Chase Bank, N.A.* (2017) 7 Cal.App.5th 907, 910 (*Gillies*). In that case, after defaulting on a mortgage loan, the plaintiff filed three successive unsuccessful lawsuits challenging various aspects of the foreclosure process. (*Id.* at pp. 910–911.)

The first lawsuit alleged that the trustee's initial notice of default had not been recorded or filed in compliance with Civil Code section 2923.5, and that the defendants had not properly recorded the notice of sale. (*Gillies, supra,* 7 Cal.App.5th at p. 910.) The second lawsuit alleged that the notice of default was defective and that the lender had violated Civil Code section 2923.5 by giving premature notice of sale. (*Ibid.*) The third lawsuit, filed in federal court, alleged irregularities in the foreclosure process regarding the misspelling of the plaintiff's name and the lender's right to nonjudicial foreclosure. (*Id.* at p. 911.)

After those lawsuits had been dismissed following the sustaining of a demurrer or the granting of a motion to strike or dismiss, the plaintiff brought a fourth lawsuit alleging violations of the Homeowner Bill of Rights, lack of standing to foreclose,

12

unlawful substitution of trustee, fraud, injunctive relief, and damages. (*Gillies, supra,* 7 Cal.App.5th at p. 911.) The trial court sustained a demurrer without leave to amend. (*Ibid*.)

Relying on the primary right theory discussed above and articulated in *Boeken*, the court held that "[i]t matters not that appellant has a new theory of wrongful foreclosure. It is the same primary right which appellant has always claimed." (*Gillies, supra*, 7 Cal.App.5th at pp. 914–915 [plaintiff "views these adverse final judgments as mere suggestions which allow him to perpetually file new lawsuits on new theories. He is wrong."].)

The same is true here. It matters not that plaintiffs have a new theory of wrongful foreclosure—they assert the same primary right claimed in the bankruptcy adversary proceeding. (See also, *Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1191 [claim preclusion bars claims that could have been raised in the first proceeding]; *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202 ["a party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable."].)

Plaintiffs argue that the trial court improperly relied on the bankruptcy order for claim preclusion purposes because that order had erroneously looked to federal law rather than state law to determine if any of the prior state court lawsuits constituted a final judgment on the merits. Plaintiffs contend that, "just because leave to amend was not granted [in the adversary proceeding] does not mean a [federal] court of appeal cannot find that it was an abuse of discretion by the trial court," and they note that they did appeal the bankruptcy order to the Ninth Circuit Court of Appeals. However, the Ninth Circuit has since affirmed that order. (*Rose Court, LLC, supra,* 119 F.4th 679.)

Beyond that, plaintiffs argue only that the FAC "stated legal claims that were different from those made in the adversary proceeding, and those claims were based on

different facts." As we have explained, though, the primary right in both proceedings was the same—the right to be free from improper or wrongful foreclosure proceedings. The "same issues" prong of claim preclusion is satisfied here.

### 2. *Same parties*

Claim preclusion only applies to bar re-litigation of the same cause of action between the same parties or those in privity with them. (*DKN Holdings, supra*, 61 Cal.4th 813, 825, citing *Teitelbaum Furs, Inc. v. Dominion Insurance Company* (1962) 58 Cal.2d 601, 604; *Rice v. Crow* (2000) 81 Cal.App.4th 725, 734.)

Here, US Bank, SPS and Quality Loan were defendants in both the adversary proceeding and this action. Rose Court was a plaintiff in both actions, and Nguyen is the managing member of Rose Court.

This element of claim preclusion is satisfied, and plaintiffs have not argued to the contrary.

### 3. *Final judgment on the merits*

The final element to establish claim preclusion is that the prior lawsuit resulted in a final judgment on the merits. (*DKN Holdings, supra,* 61 Cal.4th at p. 824.) A dismissal with prejudice functions as the equivalent of a final judgment on the merits for purposes of claim preclusion. (*Boeken, supra,* 48 Cal.4th at p. 793, citing *Roybal v. University Ford* (1989) 207 Cal.App.3d 1080, 1086–1087 ["statutory term 'with prejudice' clearly means the plaintiff's right of action is terminated and may not be revived. ... [A] dismissal with prejudice ... bars any future action on the same subject matter"]; see also, *Kim, supra*, 9 Cal.5th at p. 91 ["dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim"].)

Here, because the bankruptcy order granted defendants' motion to dismiss and denied Rose Court's motion for leave to amend, finding that any effort to amend would be futile, the resulting dismissal constitutes a final judgment on the merits.

Plaintiffs argue that this element is not satisfied because "the FAC alleges new facts that were not at issue in the adversary proceeding," including their offers to make reinstatement payments, and defendants' subsequent failure to accept or respond. According to plaintiffs, although the "general rule" is that res judicata bars the litigation of issues that could have been litigated in a prior proceeding, that rule has no application when the prior judgment is based upon a demurrer granted without leave to amend. Instead, plaintiffs argue, "in the case of a judgment based upon a demurrer, if the new proposed complaint alleges new or additional facts that cure the defects in the original pleading, the former judgment is not a bar to the subsequent action whether or not the plaintiff had an opportunity to amend the complaint."

Plaintiffs rely on *Keidatz v. Albany* (1952) 39 Cal.2d 826 (*Keidatz*) as support for their contention that, where new or additional facts are alleged which cure defects in a prior pleading, "the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint." Under that principle, they argue, the prior judgment is only a bar to a subsequent action that alleges "the same facts." Thus, because the FAC alleges new facts that were not at issue in the adversary proceeding, they argue, claim preclusion does not apply, as "the defects in the adversary complaint could have been cured."

*Keidatz* is inapposite and does not support plaintiffs' position. In that case, the California Supreme Court held that a prior judgment that followed a dismissal with leave to amend did not bar a subsequent action which alleged new facts that would cure the defects in the prior complaint. (*Keidatz, supra*, 39 Cal.2d at p. 828.) Yet, under those facts, the prior litigation did not involve an adjudication on the merits because the trial court had granted leave to amend. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 77; *Koch v. Rodlin Enterprises* (1990) 223 Cal.App.3d 1591, 1596–1597.) By contrast here, the bankruptcy court dismissed the adversary complaint without leave to amend, and expressly found that amendment would be futile—in other words, a new complaint

15

could not allege any new facts that would cure any prior defects. For that reason, the allegation of new facts in the FAC does not undermine the finality of the dismissal in federal court.

Plaintiffs also argue that it was error for the trial court to rely on the bankruptcy order for claim preclusion because the bankruptcy court had improperly relied on federal law rather than state law "to determine if there was a final judgment on the merits in any of the prior [state court] lawsuits." Again, though, the Ninth Circuit has affirmed the district's court's affirmance of the bankruptcy order, and the underlying determination by the bankruptcy court—that Rose Court's prior voluntary dismissals in the state court lawsuits constituted final adjudications on the merits for purposes of claim preclusion in the adversary proceeding—is settled and not at issue in this appeal. (*Rose Court*, *LLC*, *supra,* 119 F.4th 679.)

### C. Nguyen's post-briefing filings

Briefing in this appeal concluded on July 29, 2024. After that date, Nguyen and Rose Court filed or submitted numerous additional documents in this court, which we briefly address here. On December 30, 2024, Nguyen filed a substitution of attorney to represent herself in propria persona, and accordingly requested a 90-day continuance of the date previously set for oral argument, "to allow sufficient time for [her] to retain new counsel and/or adequately prepare for self-representation."[4] This court granted that request and continued oral argument to April 3, 2025.

On March 17, 2025, Nguyen filed "ex parte applications" to: (1) "stay the April 3, 2025 hearing"; (2) "void" the trial court's order sustaining the demurrer; and (3) dismiss the appeal. Nguyen argued that the trial court's order was "void ab initio because it was based on a fundamental legal error in the application of res judicata, directly contradicting binding California appellate authority, as established in [*Gray v. La Salle*

---

[4] Nguyen's previous attorney remained as the attorney of record for Rose Court.

*Bank, N.A.* (2023) 95 Ca1.App.5th 932].￼"  According to Nguyen, the legal error was that the trial court "improperly applied federal res judicata principles instead of California law, in direct contradiction of controlling authority from both the California Court of Appeal and the United States Supreme Court."

Because that order is "legally void," Nguyen argued, the April 3, 2025, oral argument was "moot and must not proceed."  Nguyen explained that she was submitting her ex parte applications at that stage of the proceedings because, "[u]pon assuming self-representation, and with the assistance of a group of friends, [she] immediately identified these jurisdictional defects and took corrective action by filing the present motions."

On March 20, 2025, this court issued an order denying Nguyen's request to "Stay the April 3, 2025 Hearing," and stating that Nguyen's other requests for relief filed on March 17, 2025, were "deferred for consideration with the appeal."

On March 26, 2025, Nguyen filed an "ex parte application" seeking the following relief:  "1. Reconsideration of this Court's March 17 and March 20, 2025 rulings; 2. Immediate relief to void the trial court's jurisdictionally defective judgment; 3. Referral of this matter to the California Supreme Court and Appellate Court Bias Prevention Committee; or alternatively, 4. Transfer of this appeal to a neutral appellate district based on newly discovered facts and the appearance of judicial bias."  In general, Nguyen reiterated her arguments in her March 17, 2025, filing regarding the allegedly "void" nature of the trial court's order.

On March 28, 2025, Nguyen filed a "written objection to April 3, 2025, hearing," in which she again reiterated her arguments regarding the allegedly "void" trial court order.  According to Nguyen, "once a facially void judgment is brought to the Court's attention, precedent makes clear that the Court has a non-discretionary duty to vacate it."  Nguyen objected to "being compelled to appear at a hearing concerning a judgment that is legally void, facially defective, and beyond the Court's discretion to uphold."

17

On April 2, 2025, Nguyen submitted a "supplemental written objection to April 3, 2025, hearing." Nguyen stated that the supplemental objection was filed "to reiterate, strengthen, and clarify the objections previously submitted on March 27, 2025." Nguyen also stated that she would not attend the oral argument, "as it proceeds under a void judgment that must be addressed first."

Oral argument was held on April 3, 2025. Nguyen did not appear. The attorney for Rose Court appeared, but did not argue. The matter was then submitted.

Nguyen's post-briefing filings are all premised on the theory that the trial court's order is "void" because it improperly applied federal res judicata principles rather than state law. Yet that is the same argument raised in her briefs on appeal, which we have already addressed and determined to have no merit. Moreover, even if Nguyen were making new arguments, she has not identified any new facts or law that would justify failing to have raised the arguments in her briefs.

## III.    DISPOSITION

The judgment is affirmed. Respondents may recover their costs on appeal.

_____
                            Wilson, J.

WE CONCUR:

_____
                Danner, Acting P. J.

_____
                  Lie, J.

*Nguyen et al. v. U.S. Bank, N.A. et al.*
H050957